By the Court.

In this case, the defendant has contended that he is not restrained by his contract from owning and fitting vessels for voyages to the north-west coast, so that he divests himself of his interest therein before the actual departure of the vessels on their voyages. But we cannot yield to this construction. This is a branch of commerce very limited in its nature. A few ships only can be employed in it with any prospect of gain ; and the true construction of the defendant’s agreement is — I will not be in any *463 way concerned in this trade for seven years from this time. The fact of the plaintiffs’ afterwards purchasing a part of the vessels fitted by the defendant, may properly be considered by the jury, when estimating the plaintiffs’ damages, but does not go to take away their right of action. For when a breach of contract is proved, the only question remaining between the parties is the amount of damages, to which the party complaining is, upon a view of all the circumstances, in equity and good conscience entitled.
As to the point urged for the defendant in the argument, that the contract was void in its origin, as against the policy of the law, being in restraint of trade, — the principle relied on does not apply to the case. This is a trade but lately discovered, and it can be beneficial but to a small number of adventurers. If one adventurer will engage to retire from it for a valuable consideration, and to leave the conduct of it to others, it is lawful for him so to do, and his contract to that effect will be binding on him. Instead of an injury to the public, the community may receive a benefit from such a procedure, as it will go to prevent the trade’s being overdone, and so becoming profitable to none.
The plaintiffs’ replications are adjudged good, and the damages will be assessed by the jury in the trial of the issues in fact joined between the parties, (a)

 [Vide S. C., but not S. P., 11 Mass. Rep. 76.— Ed.]