The opinion of the Court was delivered at the following November term, by
Wilde J.
This is a case depending on mutual covenants, which are stated in the declaration, according to their substance and effect, so far as is necessary to support the plaintiff’s claim This, according to a well known rule of pleading, is sufficient, without setting forth the whole deed. The defendant has pleaded several pleas, and we are now to determine whether any one of them is a sufficient bar.
As to the first and second pleas, they are manifestly immaterial. The only averment in these pleas is, that neither the plaintiff nor the defendant was the true inventor, or first inventor, of the machines mentioned in the declaration. The plaintiff does not deny this, but has averred in the declaration, that said machines were the joint invention of the parties ; which is repugnant to the supposition that either of them was the sole inventor. These pleas, therefore, do not affect the plaintiff’s title. The defendant might have as well pleaded that a stran ger was not the inventor.
The third and fourth pleas depend upon nearly the same ground ; for they go only to show that the separate patents are void. This must be admitted, if neither of the patentees was the inventor, so that it matters not that they may be considered void for another reason also. It cannot be maintained, that either party is estopped by the separate patents from asserting that the invention was joint. On the contrary, the parties having united in obtaining a joint patent, neither of them can now be permitted to set up a prior grant to himself for the same in vewtion. This doctrine is laid down by Story J. in an action inxwhich the present parties were plaintiffs, and it seems to us to be founded on sound principles. Barrett et al. v. Hall et al., 1 Mason, 472. So that the estoppel operates only in respect to the separate patents. If any one by mistake, supposing himself the inventor of some useful machine, procures a patent, and it afterwards turns out that some other person had a share in the invention, there is no principle of the law of estoppel whereby the true inventors can be prevented from claiming under a *455 joint patent, except in case of an assignment of the separate patent; which, as to those claiming under the assignment, stands on a different footing. In such case the parties are estopped by the deed, and not by the patent. Oldham v. Longmead, cited in 3 D. & E. 441.
The fifth plea alleges that the reel and the lap-frame are distinct and separate inventions and machines ; and that a joint patent has been granted to the parties including both machines. In considering this plea, the defendant’s counsel have contended that the said patent, embracing distinct inventions and machines, cannot be supported ; and that, the patent being void, the covenants are no longer obligatory. Without deciding on the validity of the patent, it is sufficient to observe, that the inference drawn from its supposed invalidity does not appear to us well founded. The patent formed no part of the consideration of the contract, "or it existed only in contemplation when the contract was made. The most that can be said is, that the contracting parties had, at the time, the expectation of securing the profitable use of their invention by obtaining a valid patent, and nothing is averred in the pleadings from which we can infer that this expectation has been defeated, or is likely to be. If the existent patent is void for the reason assigned, as it seems to be by the law of patents, (Fessenden’s Law of Pat. 149, 150 ; Evans v. Eaton, 3 Wheat. 454, 506,) the parties may procure its repeal and obtain separate patents for each machine ; so that the ground upon which the parties stood at the time of the contract remains unchanged.
For these reasons, thus briefly stated, we feel bound to decide that the pleas are insufficient. It is not, therefore, necessary to consider the objections made to the replications to the first and second pleas.
As to the last plea, the object of it seems to be to show a (allure of consideration, and the question has been argued whether a failure of consideration will avoid a deed. We are certainly not prepared to say that it will not, though it has been so laid down in several cases, (2 Johns. Rep. 179,) for it is well settled, that if a tenant be evicted by a title paramount, he may plead it in an action for the rent, notwithstanding he has bound himself by his covenant. But we are not requ.red to consider *456 this question, because no failure of consideration appears.[1] The material averment in the plea, touching the consideration, is traversed in the replication, and we think the replication good. The objection that it tends to put in issue the consideration of the deed cannot prevail. If it be true, that the Court is to judge of the consideration from the deed alone, and that no averment respecting it can be submitted to the determination of the jury; the objection is fatal to the plea, and being matter of substance it is not aided by the replication. But it is not true, that no averment respecting the consideration of a deed can be submitted to the determination of the jury. It may always be done when the consideration is not expressed in the deed. The objection applies only to such averments as are inconsistent with the terms of the deed. We find no such averments in the replication. The averment in that, as well as in the declaration, is, that the invention was joint; and in the deed the parties agree to join in obtaining a patent; which must be considered as an admission that the invention was joint. It is therefore the plea, and not the replication, which is inconsistent with the terms of the deed. The ether objection to the replication is founded on a mistake as to the consideration, which has been already noticed. It is very clear that the parties did not treat the separate patents as valid grants, and that neither of them constituted any part of the consideration.
It remains for us to consider the objections to the action and to the sufficiency of the declaration.
It is said that debt, and not covenant, is the proper action. The law on this point is perfectly clear, as laid down by Lord Mansfield, in the case of Lowe v. Peters, cited by the defendant’s counsel. Where covenants are secured by a penalty or forfeiture, the obligee at his election may bring debt for the penalty, or may proceed upon the covenant, and recover more or less than the penalty toties quoties. 4 Burr. 2228. Where there are no words of covenant, but the penalty depends on a condition, it is otherwise.
The objection that the covenants a.re void, being in restraint of trade, cannot be supported, admitting that all the patents are *457 void. Agreements to restrain trade in particular places, founded on a reasonable consideration, are valid in law and may be enforced. (1 P. Wms. 181 ; 8 Mass. Rep. 223 ; 9 Mass. Rep. 522.[1]) Here was a sufficient consideration, whether the patents were valid or not. Being the inventors of these machines, the parties may obtain valid patents for them ; or, without thus securing a monopoly, they might reasonably expect to enjoy it in fact by means of their superior skill. For a time at least, they would have little to fear from the competition of others. It was, therefore, lawful and reasonable for them to share in the profits of their invention, either by uniting in a joiht concern, or by a more convenient arrangement, whereby, each one might have the benefit of his own capital, industry and activity.
Our next inquiry is, whether the breaches have been well assigned. In support of the objection to the declaration in this respect, we are referred to a clause in the deed, not stated in the declaration, but which appears on oyer, whereby it is agreed that the defendant should be allowed to set up an establishment in the State of New York, and to make and use there any number of said machines, he paying to the plaintiff, within three years from the date of the deed, 500 dollars, if he should elect to fix his establishment in the city of New York, or within one hundred miles of it, and 300 dollars, if he should fix it in any other part of the State ; and to give notice to the plaintiff or his agent within thirty days. By a memorandum on the back of the deed, it appears that notice was given, within the thirty days, that the defendant had elected to fix his establishment in the district including the city of New York ; and it has been argued, that, after notice, the defendant’s right to make and use said machines within the district elected became perfect, subject only to be defeated by a condition subsequent, namely, the non-payment of the money ; and that the breach, therefore, was not well assigned, for want of an averment that the money had not been paid. No answer could be made to this objection, if the covenant referred to were the only covenant, or if it *458 were necessary for the plaintiff to show a breach of it. Bui this is not necessary ; he relies upon the breach of another covenant, which is well assigned in the words of the covenant. The clause referred to by the defendant is but a qualification of the principal covenant, in the nature of a proviso or condition subsequent, which is always matter of defence. Lawes’s PI. Ass. 120 ; Hotham v. East India Co., 1 D. & E. 645. If the defendant would rely on this conditional covenant, he should have pleaded it, making the proper averments of performance on his part of the conditions upon which it depends. The plaintiff could assign no breach of this covenant whereb) he could claim damages. The defendant has not agreed to set up an establishment in the State of New York ; nor has he agreed to pay the money mentioned in the condition, if he should. The plaintiff, therefore, very properly has assigned a breach of the principal covenant, taking no notice of the condition.
One question only remains, namely, whether the sum of 1000 dollars, mentioned as the penal sum in the agreement, is to be considered as a forfeiture, or as liquidated damages. Prima facie, certainly, it is a forfeiture or penalty, for it is so expressed in the deed. This is not an agreement to pay the 1000 dollars, but an agreement to abstain from doing certain acts under a forfeiture. It is not, therefore, like the case of Lowe v. Peers, 4 Burr. 2225, which was founded on a promise or covenant to pay a sum certain on a contingency ; but it is like the case of Smith v. Dickenson, 3 B. & P. 630, ii which the court decided, that if a party agree not to do some specified act under a penalty of £1000, such sum cannot be considered in the nature of liquidated damages. (See also Sloman v. Walter, 1 Bro. Ch. Cas. 418 ; Hardy v. Martin, ibid. 419 in notis; and Astley v. Weldon, 2 B. & P. 346.) But, without insisting upon this rule of construction, and the authority of these cases, we think it clear enough from the whole instrument, that the parties never intended that the sum mentioned should be taken as liquidated damages. We cannot determine that it should be so taken, without overlooking the estimate made by the parties themselves ; for we cannot suppose, if the plaintiff was content to receive 500 dollars foi *459 the privilege granted to the defendant, if paid within three years, that it could be intended by the parties that the defendant was to pay 1000 dollars for a single machine.
We are, therefore, of opinion, that the sum mentioned in the deed is to be considered as a penalty, and that damages must be ascertained on a further hearing.[1]
The 3d, 4th, and 5th pleas adjudged bad, and the replication to the 1st, 2d, and 6th pleas adjudged good.

 A failure of consideration will not avoid a deed. Parker v. Parmele, Johns. R. 134.

 See Pierce v. Woodward, 6 Pick. 208; Palmer v. Stebbins, 3 Pick. 188; Harmer v. Graves, 7 Bing. 735; Davis v. Mason, 7 T. R. 118.

 See Crisdee v. Bolton, 3 Car. & Payne, 240; Davies v. Penton, 6 Barn. & Cressw. 216; Kemble v. Farren, 3 Moore & Payne, 425; Dennis v. Cummins, 3 Johns. Cas. 297; Perkins v Lyman, 11 Mass. R. 76 ; Merrill v. Merrill, 15 Mass R. 488; Slosson v. Beadle, 7 Johns. R. (2d. ed.) note (a); Dyer v. Dorsey. 1 Gill & Johns. 440.