Curia, per Sutherland, J.
It is expressly recited, as part of the consideration, for the covenant to pay the $3000, that Uobles should quit the business, in which he and Bates had been previously concerned; and he expressly agreed, that if he should establish and carry on the same kind of business within 20 miles of Waterville, the last instalment should not be exacted; but should be ^relinquished and given up. The agreement, by the confession of the parties, was founded on an ample consideration.
A bond, or promise, upon good consideration, not tc exercise a trade for a limited time, at a particular place, or within a particular parish, is good. But where it is general, not to exercise a trade throughout the kingdom, it is bad, though founded on good consideration, as being a too unlimited restraint of trade; and operating oppressively upon one party, without being of any benefit to either. (Mitchell v. Reynolds, 1 P. Wms. 181; 10 Mod. 27, 85, 130; 7 Mod. 230; 2 Saund. 156, a. note (1.) 2 Str. 739; 2 Ld. Raym. 1456; 3 Br. P. C. 349; Br. C. C. 418; 5 T. R. 118; Cro. Jac. 596.)
The surrender of the last instalment, must be considered as liquidated damages for carrying on trade within the 20 miles. On the face of the contract, there is nothing unreasonable in this. The relinquishing of the business by *309 Nobles, and the agreement in question, are recited as part of the inducement or consideration on which the defendant agreed to pay the 3000 dollars. The parties have fixed the value of that item in the consideration at 750 dollars. In the nature of the case the precise injury which the defendant would sustain, from the establishment or continuance of the same kind of business, could not be accurately ascertained. ■ It must depend upon a variety of circumstances ; upon the capital which the party might invest; the industry, which he might exert; and the patronage, from these and other causes, he might be able to attract.
A more suitable case, for the liquidation of damages by the parties themselves, can scarcely be imagined.
In Spencer v. Tilden, (5 Cowen, 144,) it was apparent, if the $360 were to be considered as liquidated damages, the contract was oppressive to the defendant. We, therefore, felt ourselves at liberty to hold that the object of the contract was to secure the return of the cows; and that the $360 were inserted by way of penalty; and not as *stipulated damages. That case went quite as far as any which had preceded it. (Vid. note to that case, p. 150; 3 John. Cas. 297; 7 John. 72.
The evidence offered by the plaintiff was properly excluded.
Motion denied.