Paige, J.,
delivered the opinion of the court.
It is contended on the part of the appellants, that the agreement on which this suit is brought is in restraint of trade, prejudicial to the jiublic interests and against public policy; and that if valid at the time of its execution, it was invalid at the time of its breach, because the partnership for whose benefit it was made had expired without assigning it.
Contracts, upon whatever consideration made, which go to the total restraint of trade, such as obligate a mán not to pursue his occupation or exercise his trade, anywhere in the state, are void. Such contracts are injurious to the public, and operate oppressively upon one party without being beneficial to the other. But a contract not to exercise a trade or carry on business in a particular place, made upon good' consideration, may be upheld where sufficient reasons are shown for entering into it. The contract, to be upheld, must appear from special circumstances to be reasonable and useful, and the restraint of the covenantor must not be larger than is necessary for the protection of the covenantee ‘in the enjoyment of his trade or business. (Chappel v. Brockway, 21 Wend., 157; Nobles v. Bates, 7 Cow., 309; 2 Saund., 156, Note 1; Hitchcock v. Coker, 6 Ad. & Ellis, 438; Mitchel v. Reynolds, 1 P. Wm., 181.) Within the principles of these cases I think the agreement in question was valid and binding on the defendants.
Because a part of the covenantees sold out their interests in the steamboats running on the Hudson river, between the making of the agreement and its breach by the defendants, the remaining covenantees, who retained their interest in such boats, ought not to be deprived of their remedy on the agreement, to recover the damages sustained by them by means of such breach. The obligation of the defendants was an obligation to all the covenantees jointly. This suit having been commenced before the adoption of the Code, it was necessarily brought in the names of all the covenantees. The action can be sustained if any one of the plaintiffs has *245 a beneficial interest in the suit. The covenant enured to the benefit of those covenantees who retained their interest in the steamboats running on the river. The other covenantees, who had sold out and therefore could not be injured by the breach of the agreement, are merely nominal parties to the suit.
The dissolution of the Hudson River Steamboat Association is no defence to the suit. The agreement was not made with the plaintiffs as members of that association or as co-partners, but as individuals;, and was intended to protect their interest, whatever that might be, in the steamboats running between New-York and Albany and Troy. The obligation of the agreement is not at an end because the steamboat association has become dissolved, or because the partnership, of which the plaintiffs were members at the time of the making of the agreement,' has expired by the efflux of time. The agreement makes no reference to the steamboat association, or to any copartnership. Its obligation continues as long as any one of the covenantees has an interest in the steamboats running on the Hudson river between New-York and Albany and Troy; especially in any of those of which they were owners, in whole or in part, when the agreement was made.
The sums agreed upon by the parties, as the measure of damages for the violation of the agreement, must be considered as liquidated damages. How these damages are to be apportioned among the plaintiffs is not a question which arises in this suit.
The judgment of the supreme court must be affirmed.
All the judges concurring,
Judgment affirmed.