### Ross vs. Sadgbeer.

A declaration on a bond, restraining the obligor from pursuing the business of a manufacturer of pot and pearl ashes, for a specified time and within prescribed limits, is *bad*, if it show no consideration for the giving of the bond by the obligor other than what is to be implied from the *seal* attached to the bond, and set forth no reason whatever why the bond was executed.

Ordinarily, where the parties contract by deed, a *consideration* will be implied from the *seal;* but that is not enough in cases of this kind. Here the party seeking to enforce the contract must show some good reason for its existence ; as that it was given to protect him in the prosecution of a business, which for a proper consideration he had induced the other party to relinquish.

*It seems* that if the circumstances inducing a contract in restraint of trade do not appear upon the face of the instrument, that they may be averred in the declaration, and that thus the validity of the contract may be shown.

A contract in restraint of trade is, in legal presumption, void ; and such presumption can be rebutted only by showing that it was entered into for good reasons, and the burden of showing the facts rendering the contract valid rests upon the party seeking to enforce it.

DEMURRER to declaration. The plaintiff declared in *debt* on bond, in the penal sum of $2000, dated August 17, 1836, *conditioned* that the defendant should keep himself at all times entirely free and out of the business of *manufacturing pot or pearl ashes* or *soap*, or any art, trade or occupation requiring ashes or the consumption of ashes, &c. for the *term of ten years,* and *within forty miles of the village of Lockport.* The declaration set out the condition of the bond, and assigned breaches. The defendant *demurred to* the declaration.

*M. T. Reynolds,* for the defendant.

*A. Taber,* for the plaintiff.

*By the Court,* BRONSON, J. The objection is, that no sufficient consideration or good reason for making the bond, appears upon the face of it, and that none is alleged in the declaration. What has just been said in *Chappel* v. *Brockway,* will render it unnecessary to examine this question

much at large. In the celebrated case of *Mitchell* v. *Reynolds*, 1 P. Wms. 181, Ch. J. Parker concludes his elaborate argument in these words : "In all restraints of trade, *where nothing more appears*, the law presumes them bad; but if *the circumstances* are set forth, that presumption is excluded, and the court is to judge of those circumstances, and determine accordingly ; and if upon them it appears to be a just and honest contract, it ought to be maintained." In this I fully concur. The law starts with the presumption that the contract is void ; and it is only by showing that there was an adequate consideration or good reason for entering into it, that the presumption can be destroyed. The rule is, not that a limited restraint is good, but that it *may* be good. It is valid when the restraint is reasonable ; and the restraint is reasonable when it imposes no shackles upon one party which is not beneficial to the other. The facts which prove the restraint reasonable must in some way be made to appear ; and as the presumption is against the party setting up the contract, it lies on him to remove the difficulty.

It is true that a consideration will be implied from the *seal*, where the parties contract by deed. *Livingston* v. *Tremper*, 4 Johns. R. 416. But the seal only imports that there was *some* consideration—not that there was a *peculiar* one, such as this case requires. If we imply a pecuniary consideration, however large it may be in amount, it will not remove the difficulty under which the plaintiff labors. It must appear that he purchased the defendant's works or a secret which he possessed in relation to the manufacturing of ashes, or that there was some other good reason for taking this bond. Otherwise, it was a contract to deprive a man of his livelihood, and the public of a useful member, without any benefit to the plaintiff, which the law will not permit.

The case of *Pierce* v. *Fuller*, 8 Mass. R. 223, which goes as far as any other I have met with in aid of the plaintiff, admits that " the consideration must always be shown, that the contract may be supported by the special circumstances which induced the making of it." See also *Palmer* v. *Stebbins*, 3 Pick. 188. In *Horner* v. *Ashford*, Bing. 322, the

contract was under seal, and the declaration stated that the defendant, *for the considerations in the deed mentioned,* covenanted, &c. The court held the declaration sufficient, saying, " it appears that the deed was for *some* consideration. The defendant should have craved oyer of the deed, if he meant to object to the sufficiency of the consideration, and not having done so, we are to presume that it contains a *legal* consideration." This case, as well as those in Massachusetts, virtually admit that the consideration which is implied from a seal is not sufficient to uphold such a contract, unless some further reason appears for entering into it.

A pecuniary consideration, whether expressed, or implied from the seal, may be sufficient to uphold the bond as a mere matter of contract. But something more is required where the parties stipulate for a restraint of trade. We must have the special circumstances which induced the contract.

Although it does not appear on the face of the contract that there was good reason for making it, the plaintiff may, I think, help out his case by proper averments in pleading. See *Mitchel v. Reynolds,* 1 P. Wms. 181 ; *Horner v. Ashford,* 3 Bing. 322. Such averments will not contradict the deed, because that expresses no consideration whatever ; and if the special circumstances were such as will uphold the contract of the parties, I see no very good reason why the plaintiff should not be allowed to aver and prove them. The point seems never to have been directly adjudged, and perhaps we ought not to pass definitively upon it in a case where the question has not been discussed by the counsel.

It is enough that the declaration in its present form cannot be supported.

Judgment for defendant.*

---

* See the recent cases of *Hitchcock* v. *Coker,* 6 Adolph. & Ellis, 438 ; 33 Com. Law R. S. C. ; and *Archer* v. *Marsh,* 6 Adolph. & Ellis, 959. 33 Com. Law R. 254.