JACOB J. WELLER, CHARLES E. BROWN AND MICHAEL HERSEE, RESPONDENTS, *v.* THOMPSON HERSEE, APPELLANT.

*Covenants in restraint of trade — when valid.*

In an action by the plaintiffs to recover damages for the breach of a covenant made by the defendant whereby he bound himself not to engage in the business of manufacturing or vending cabinetware in the city of Buffalo or county of Erie, *held*, that it was incumbent upon the plaintiffs to allege facts in their complaint, showing that the covenant was founded upon a valuable consideration. *Semble*, that the contract is invalid when it imposes restrictions upon one party which are not beneficial to the other.

APPEAL from an order of the Erie Special Term overruling a demurrer to the complaint, with leave to answer.

The complaint claims damages for an alleged violation by defendant of a covenant not to carry on the business of cabinet-making in

the county of Erie, and also demands an injunction. The demurrer is on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The alleged covenant is contained in an instrument in writing, signed and sealed by the defendant, dated the 24th of November, 1871, whereby, for value received from the plaintiffs, the defendant covenanted and bound himself to them, that he would not at any time thereafter (while the said plaintiffs, their survivors or assigns, should carry on the cabinet-making business in Buffalo) engage in the business of manufacturing or vending cabinetware in the city of Buffalo, or county of Erie. The complaint alleges that on or about the 24th of November, 1871, the defendant, who had been engaged in the business of manufacturing and vending cabinetware in the city of Buffalo, for many years theretofore, applied to the plaintiffs to purchase his stock in trade, factory and fixtures, and negotiations were entered into which resulted in an agreement, under the hands and seals of the parties, whereby the defendant agreed to sell and convey to the plaintiffs all his stock and materials, on their first paying him therefor the sum of $100,000, and to sell and convey to them the stores which he had used in said business, for the further sum of $50,000, on their paying $10,000 by the 1st of May, 1872, and executing their bond and a mortgage on the premises to secure the payment of the remainder, as specified in the agreement. By the terms of the agreement the sum of $100,000 was to be paid, and the other conditions (except with reference to the sale of the stores) were to be performed on or before the 24th of November, 1871. The last-mentioned agreement was dated the eighteenth of November. Its stipulations and conditions were fully performed as therein provided. The complaint alleges that the defendant entered into the covenant first above set forth, as a part of the consideration of the plaintiffs' said purchase.

*C. Beckwith*, for the appellant.

*J. C. Strong*, for the respondents.

SMITH, J.:

The argument of the defendant's counsel is that no sufficient consideration appears on the face of the defendant's covenant, and none is alleged in the complaint. In *Mitchel* v. *Reynolds*

(1 P. Wms., 181), PARKER, Ch. J., said: "In all restraints of trade, *where nothing more appears*, the law presumes them bad; but if the *circumstances* are set forth, that presumption is excluded, and the court is to judge of those circumstances and determine accordingly; and if upon them it appears to be a just and honest contract, it ought to be maintained." In *Ross* v. *Sadgbeer* (21 Wend., 166), BRONSON, J., cited the language of PARKER, Ch. J., and said: "In this I fully concur. The law starts with the presumption that the contract is void, and it is only by showing that there was an adequate consideration or good reason for entering into it, that the presumption can be destroyed. The rule is, not that a limited restraint is good, but that it *may* be good. It is valid when the restraint is reasonable, and the restraint is reasonable when it imposes no shackles upon one party which are not beneficial to the other."

To the same effect are numerous other authorities, and the rule deducible from them is, that the party setting up the contract must show that it is founded on an adequate consideration, or is reasonable. It has also been held that the ordinary implication of a consideration from the *seal*, where the parties contract by deed, is not enough in cases of this kind. (*Ross* v. *Sadgbeer*, *supra*.)

It is necessary, therefore, in order to sustain the complaint in the present case, that it should allege or show that the covenant was made on adequate consideration, or that there was some good reason for entering into it. The complaint alleges that the defendant entered into the covenant as a part of the consideration of the purchase of the defendant's stores, factory and stock in trade. If so, there was a good reason, as well as an adequate consideration.

The appellant's counsel objects that the fact alleged cannot be proved by parol. The character of the evidence by which the plaintiffs propose to establish the averment does not appear. There is nothing in the complaint to warrant the assumption that he is not prepared to prove it by evidence in writing. The question now before the court is one of pleading, and not of evidence. The fact alleged, if proved satisfactorily at the trial, will be enough to show the contract *prima facie* valid.

It is also objected that the alleged consideration is a past and executed one, and hence will not support the covenant. This objection

rests upon the assumption that the agreement of purchase was entered into on the eighteenth of November, six days before the covenant. The presumption would be, in the absence of evidence to the contrary, that the agreement was made on the day of its date. But the complaint alleges that the application of the defendant to the plaintiff to make the purchase, which appears to have been the initiatory step in the negotiations which resulted in the sale, was made on or about the 24th of November, 1871. The plaintiffs may resort to parol proof to show the actual date of the agreement. In *Draper* v. *Snow* (20 N. Y., 331), SELDEN, J., delivering the prevailing opinion, said: "Whenever the time of the execution of any writing, even of the most solemn kind, becomes material, it may be proved by parol; not merely to supply an omission, where the paper itself is without date, but in opposition to the date where it contains one." The time when a contract is executed is no more a part of the contract than the place where it is executed. Both belong to that class of attending and surrounding circumstances which may always be resorted to for assistance in explaining and applying the terms of the contract." (P. 333.) If, therefore, the plaintiff should prove at the trial, under the allegation in the complaint, that the agreement was entered into at the date of the covenant, the objection now under consideration would have no force.

But upon the assumption that the agreement of purchase was signed on the day of its date, how stands the case? The agreement was wholly executory. By its terms part of it was not to be performed till the twenty-fourth of November. On that day the sum of $100,000 was to be paid, and the personal property was to be transferred. But the plaintiffs were under no obligation to purchase the real estate. The agreement gave them the refusal till the first of May following. In these circumstances it is easy to see that the covenant of the defendant may have formed a part of the consideration of the purchase of the real estate. Order affirmed, with costs of appeal.

MULLIN, P. J., and TALCOTT, J., concurred.

Order affirmed, with costs.