PRESBURY, Plaintiff in Error, *vs.* FISHER & BENNETT, Defendants in Error.

1. A bond given by one party to another for a valuable consideration, conditioned that a third party shall not engage in a particular business, is not void, as being in restraint of trade. *It seems,* that the doctrine of the common law that contracts in restraint of trade are void, is regarded with less favor than formerly, the reasons in which it had its origin having, in a measure, ceased.

2. A bond may be void in part and valid in part, if the valid and void conditions are capable of being separated. Thus, where one of the conditions in a bond is valid, and the other void, and the whole penalty is forfeited by a breach of either, the obligee may recover for a breach of the valid condition.

*Error to St. Louis Court of Common Pleas.*

*Glover & Campbell* and *Richardson,* for plaintiff in error. It is not denied that a contract in restraint of trade generally was void at common law. This doctrine, however, is not regarded so important as formerly. 21 Wend. 158. But the contract sued on in this case is not in restraint of trade at all. There are two conditions in the bond : 1. That Fisher & Bennett should not publish. 2. That Clark should not publish. The latter is the one sued upon. This is certainly not a restraint upon trade. Clark was left free to act as he saw fit. It is a mere covenant of indemnity by Fisher & Bennett for a valuable consideration, against the acts of Clark, and as such is valid. 5 Metcalf, 386. 3 Kent, 270. But it is said, the condition that Fisher & Bennett should not publish is void, and therefore the whole bond is void. This does not follow. The two covenants are independent, and the entire consideration from Presbury to Fisher & Bennett being valid, surely he may recover for a breach of the valid condition. 8 T. R. 411. 8 East, 235. 15 ib. 442. 13 ib. 88. 6 N. H. 225. 5 Taunt. 727. 6 ib. 359. 3 ib. 226. 2 Watts & Serg. 236. 2 Kent, 467–8.

*Todd & Krum,* for defendants in error. The bond sued

upon was void, because it is unreasonable and impolitic and in restraint of trade. 19 Pick. Rep. 51, and cases there cited. 7 Blackford's Rep. 344 and note. Chitty on Contracts, 664.

SCOTT, Judge, delivered the opinion of the court.

Fisher & Bennett were the publishers of a counterfeit detector, of which E. W. Clark was the editor. Presbury purchased out the interest of Fisher & Bennett in the paper, and they, for a valuable consideration, bound themselves in a penal bond to him, that neither they nor Clark should thereafter be engaged in the business of publishing any such paper. Clark afterwards published a detector, and this suit was brought to recover damages for the breach of the condition of the bond. There were two verdicts for Presbury, and after the last trial, the judgment was arrested on the ground that the bond was void, being in restraint of trade.

1. Had the bond been only subject to the condition th Clark should not publish a detector, no case has been found that would warrant the court in maintaining that it was void, as being against the policy of the law. The obligation of Fisher & Bennett imposed no restraint on Clark. Notwithstanding their bond, Clark was as free to act as though it had never been made. The bond may be regarded as an indemnity to Presbury, in the event that his business should be interfered with by Clark. There is nothing so important in the rule of law that avoids contracts in restraint of trade, that should render null an obligation made for a valuable consideration to another, conditioned that a third person should not carry on a particular trade. The principle that would avoid an agreement, the aim of which was to induce another to do, or omit to do, an act, the doing or omission of which would be an offence, has no application to this case. There is no practical man who would not smile at the conceit that the public welfare would sustain an injury by enforcing an obligation like that involved in the present case. The liberality of our laws, in suffering

every man to engage in any trade or occupation he may think best, without any previous apprenticeship, has blunted our perception of the utility of the principle which avoids contracts made in restraint of trade. The case of *Mitchell* v. *Reynolds*, 1 P. Wm's 181, is the leading one on this subject. In it the rule is distinctly asserted. It cannot escape observation, that there the plea averred, that the defendant was a baker by trade; that he had served an apprenticeship to it, *ratione cujus* the bond was void in law. When it is considered that formerly, by an early statute in England, every person was prohibited from engaging in any trade without having previously served a long apprenticeship to it, the justice and propriety of the rule commends itself to every one. But, under our laws, its force is not felt. It has no hold on the respect of the community. If there is an opening for any trade or business, how little is the community affected by the agreement of one that another should not engage in it, when it is free for all others.

2. Thus much for this principle, which we will not disturb. The observations that have been made were suggested by the attempt to maintain, that the bond would have been void had the condition been, that Clark alone should not publish a detector. But it goes further, and binds the obligors themselves not to print or publish. Admitting that the bond was ineffectual or void as to Fisher & Bennett, does it follow that so much of the condition as relates to Clark was also void? The rule is, that where the condition of a bond is entire and the whole be against law, it is void; but where the condition consists of several different parts, and some of them are lawful and the others not, it is good for so much as is lawful, and void for the rest. This is the principle where the bond is void at common law. The bond in suit is invalid, if at all, by the common law. The breach assigned in the declaration is, that Clark published a detector. Now, if any one of the three named persons violated the condition of the bond, the whole penalty was forfeited. An attempt has been made to

State *v.* Morton.

show, that the condition of the bond was not void as to Clark, and as the penalty was forfeited by a publication by him of a detector, it sufficiently appears, that the condition was not entire, in a sense to make it indivisible; but the lawful can be separated from the unlawful part.

Judge Ryland concurring, the judgment will be reversed, and a judgment will be entered in this court on the verdict.