## SUPREME COURT.

### HOLBROOK agt. WATERS.

Defendant bound himself with plaintiff, by agreement in writing, in considera-
tion of $500, not to practice medicine nor in any manner to do business as a
physician in the county of Oswego, at any time after the first day of May,
1851. *Held,* good.

Because, 1st. It was *partial* and .not a *general* restraint.   It would have been otherwise if the limits had embraced the state.

2d.  The *consideration* was adequate to uphold the contract.

And, 3d.  It was not an *unreasonable* restriction.

*Oswego Special Term, June,* 1854.   The complaint avers, in substance, that in November, 1850, the plaintiff purchased of defendant, who was and had been for a number of years a practicing physician in Fulton, Oswego county, and its vicinity, a house and lot owned by defendant in that village, some office furniture, and his ride and good will; he agreeing to pay for the house and lot the sum of $1,000, and for the furniture and good will the sum of $500; in consideration whereof the defendant agreed not to practice medicine nor in any manner to do business as a physician in the county of Oswego at any time after the 1st day of May, 1851.   The complaint then alleges that on the 1st day of January, 1854, the defendant returned to the village of Fulton and commenced again the practice of medicine in the county of Oswego, and continues thus to practice in violation of his agreement, and it asks that he may be restrained from thus practicing, and demands other relief in the premises.   The demurrer interposed to this complaint takes the ground that the agreement of defendant not to practice in Oswego county is unreasonable, and in restraint of trade, and against public policy, and is therefore void.

R. H. TYLER, *for Plaintiff*.
MR. CURTIS, *for Defendant*.

BACON, Justice.   The important question raised by the demurrer in this case, and the only one I propose to discuss concerns the validity of that clause in the contract between the parties which operates as a restraint upon the defendant from practicing as a physician in the county of Oswego.

That an agreement in general restraint of trade is utterly void was decided at least a century and a half ago, and has been the unquestionable law ever since; but the very case which settled this doctrine irrevocably, also held that a promise to restrain one's self from trading in a particular place, or within a lim-

Holbrook agt. Waters.

ited district, if made upon reasonable consideration, is good. (Mitchel agt. Reynolds, 1 *P. Wms.* 181.) The only inquiries to be made, therefore, to determine the validity of a contract restraining the exercise of a trade or profession, are, *first,* whether the restraint is *partial; second,* whether it is upon an *adequate* or merely colorable consideration; and, *third,* whether it is *reasonable.* Without attempting to exhaust the learning upon this topic with which the books abound, I propose to examine very briefly the contract in this case, in view of these principles and by the light of a few authorities bearing upon them. And in the first place the restraint imposed in this case is doubtless a *partial* one. A general restraint is in England defined to be one which forbids a person from employing his talents, industry, or capital, in any undertaking *within the kingdom ;* but individual interest and general convenience render engagements not to carry on a trade or act in a profession in a particular place proper. (*Per* BEST, J., in Homer agt. Ashford, 3 *Bing.* 328.) Such special restraints as to places and districts of country have been frequently upheld in England and in this country, as we shall see more particularly when we come to the consideration of the reasonableness of the restraints which are sought to be upheld. In this country, therefore, it may perhaps safely be assumed that, by analogy, any restraint that embraced within its scope the territory of a state would be general and therefore void ; while a local and limited territorial restraint is partial, and if not unreasonable is valid.

*Second.* As to the adequacy of the consideration, the cases are somewhat conflicting, and it is difficult to extract any very definite rule upon the subject. In the course of the argument of the case of Hitchcock agt. Cooker (6 *Ad. & El.* 438) ALDERSON observed that " if the consideration were so small as to be colorable the agreement would be bad ;" while in Leghton agt. Wales (3 *M. & W.* 551) PARKE remarked that, " Since the case of Hitchcock agt. Cooker the court can not inquire into the extent or adequacy of the consideration. In the case in 8 *Mass.* 223, the pecuniary consideration of one dollar was held to be sufficient to uphold the contract. Smith, in his leading cases,

says that the doctrine as to the adequacy of the consideration has been entirely upset by the case of Hitchcock agt. Cooker, and that the true question is, whether the contract is injurious to the public or not; if it be, it is void; if it be not, the parties may contract for what consideration they please. (1 *Sm. Lead. Cases*, 183.) Without discussing this point further, it is sufficient that in this case the consideration, being the sum of $500, appears to be entirely adequate to support the contract, if it is not obnoxious to any other objection.

This brings me to the last inquiry, to wit, whether the restraint is *reasonable*. On this point it is more difficult still to lay down any precise rule, and in truth every case must be determined substantially upon its own facts and circumstances. In Brown agt. Gay (4 *East*. 190) a lawyer restrained himself from practicing in London and within a circuit of 150 miles from it, and this was held not to be an unreasonable restraint. In Denis agt. Mason (5 *Term Rep*. 118) a surgeon restrained himself from practicing within ten miles of the plaintiff's residence, and this was upheld. On the other hand, in Homer agt. Graves, (7 *Bing*. 743,) an agreement that a surgeon dentist would not practice within 100 miles of York was held void, on the ground that the distance was unreasonable; and in Lawrence agt. Ridder (11 *Barb. S. C. R.* 641) a restriction which embraced all the state of New-York west of Albany was held void as covering too extensive a territory. In Proctor agt. Sargent (2 *Mann. & Gr.* 20) an agreement not to sell milk within five miles of Northampton square was held reasonable. So in Noble agt. Bates, (7 *Cow*. 307,) an agreement not to carry on a trade within 20 miles of plaintiff's residence was sustained as not unreasonable; and in Parkins agt. Lyman (9 *Mass*. 522) a contract not to trade from Boston with the northwest coast of America for seven years was held unobjectionable. Without further citation, these cases are sufficient to show, that while no precise rule can be laid down, the general tenor of the decisions is such as to allow, if not the "largest liberty," yet a pretty liberal scope to these contracts, both in respect to extent of territory and the amount of population embraced within the designated

limits of the restriction, and the tendency of the modern decisions is in this direction. (*Per* BRONSON, 21 *Wend.* 160.) The nearest approximation to a satisfactory rule that I have found is that laid down in the case in 6 *Ad. & El.* 438, that "where the restraint of a party is larger and wider than the protection of the party with whom the contract is made *can possibly require*, such restraint must be considered unreasonable and the contract void." And Lord KENYON, in 5 *Term Rep.* 120, remarking upon the objection that the limits were too extensive, says: "I do not see that they are *unnecessarily unreasonable*, nor do I know how to draw the line. Nor," he adds, "are the public likely to be injured by an agreement of this kind, since every other person is at liberty to practice within the prescribed limits." Taking the cases cited and the above remarks as shadowing forth a principle applicable to this case, I am unable to say that the county of Oswego, either as to extent of territory or the amount of its population, constitutes so wide a field as to make the restriction which the defendant imposed upon himself by his contract in this case an unreasonable one. A fair consideration was paid by the plaintiff for the privilege purchased by him, and I can not say that the restraint is larger or wider than his protection may possibly require.

The result, therefore, is, that there must be judgment for the plaintiff on the demurrer, with leave to the defendant to answer on payment of costs.