## GEORGE A. GORDON, Respondent, v. JOSHUA M. MANSFIELD, Appellant.

### Kansas City Court of Appeals, April 30, 1900.

1. **Injunction:** INSOLVENCY: IRREPARABLE DAMAGE: ADEQUATE REMEDY.  Where the defendant is solvent and the injury not irreparable injunction will not lie; still if the legal remedy is inadequate and the mischief irreparable, injunction will lie whether the defendant is solvent or insolvent.

2. ————: CONTRACT TO REFRAIN FROM PRACTICING MEDICINE: ADEQUATE REMEDY. When a physician who has sold his practice and good-will to another practitioner with a covenant to refrain from the pursuit of his profession within a given county, again opens his office and resumes his practice, he may be enjoined without alleging his insolvency or averring or proving the wrong irreparable.

3. **Contracts:** PHYSICIAN'S COVENANT NOT TO PRACTICE: RESTRAINT OF TRADE: PLACES: TIME. The covenant of a physician to refrain from practicing medicine within the county is valid and not in restraint of trade, since the restraint is not greater than the protection required and is not injurious to the public's interest and the failure to limit the time in which the covenant is to be operative will not vitiate it.

4. Appellate and Trial Practice: EVIDENCE: MOTION FOR NEW TRIAL. Where the trial court's attention is not called in the motion for a new trial to the admission of improper evidence there can be no complaint in the appellate court.

Appeal from the Livingston Circuit Court.—*Hon. E. J. Broaddus*, Judge.

AFFIRMED.

*B. B. Gill* and *Sheetz & Sons* for appellant.

(1) The petition states no cause of action. McKinzie v. Mathews, 59 Mo. 102; Robbins v. Latham, 134 Mo. 472; Schuster v. Myers, 148 Mo. 429; Bassitt v. Company, 47 N. H. 426. (2) The contract is invalid and injunction will not lie. Mandeville v. Harman, 42 N. J. Eq. 185; 2 Beach on Modern Law of Con., sec. 1562 and cases cited in note 1; Mallinckrodt v. Nemnich, 2 Mo. App. Rep. 441; Presbury v. Fisher, 18 Mo. 50; Peltz v. Eichele, 62 Mo. 171; Gill v. Ferris, 82 Mo. 156. (3) There is no evidence of any damage to respondent, and injunction should not have been granted. High on Injunc. [2 Ed.], sec. 9, p. 8, also, sec. 22, p. 20; Robbins v. Latham, 134 Mo. 472; Schuster v. Myers, 148 Mo. 429. (4) The decree granted a perpetual injunction. This is broader than the contract and the pleadings, and is erroneous. Tanner v. Wallbrunn, 77 Mo. App. 266; Robinson v. Clapp, 32 N. E. Rep. 940. (5) The court erred in rejecting the evidence of appellant showing that there was no consideration for sale of practice.

*Lewis A. Chapman* for respondent.

(1) The petition does state a cause of action. Respondent could not have stated a stronger case, for equitable relief by injunction. Gill v. Ferris, 82 Mo. 156. (2) Under the statute (R. S. 1889, sec. 5510), it is not essential that

the threatened injury shall be irreparable nor that the defendant should in all cases be insolvent. The question under that section is whether an action for damages will afford an adequate remedy. Savings Bank v. Kercheval, 65 Mo. 682; Towne v. Bowers, 81 Mo. 491; Harris v. Township Board, 22 Mo. App. 463. (3) In a case like this it is not essential that the injury threatened shall be irreparable to warrant a resort to injunction, and where injuries are threatened, or a breach of a contract like this, it is not necessary to aver or prove the defendant to be insolvent. Harris v. Township Board, 22 Mo. App. 463; Bank v. Kercheval, 65 Mo. 682; Brewing Co. v. Water Co., 34 Mo. App. 49; Coal Co. v. St. Louis, 130 Mo. 329, 330; Albers v. Exchange of St. Louis, 39 Mo. App. 589; Lakenan, Ex'r v. Railroad, 36 Mo. App. 372; Doty v. Martin, 32 Mich. 462. (4) The rule is well settled that any partial restraint of trade, or an agreement not to transact business at specified places, or with particular persons, or beyond a limited distance, or not to practice medicine within limited bounds, if there be some legal consideration for the restraint, will not invalidate the agreement, even if unlimited as to time. Linn v. Sigsbee, 67 Ill. 75; Dwight v. Hamilton, 113 Mass. 175; Doty v. Martin, 32 Mich. 462; Haldeman v. Simonton, 55 Iowa, 144; Angier v. Webber, 92 Am. Dec. 748; French v. Parker, 27 Am. St. Rep. 733; Davis v. Mason, 5 Term Rep. 118; Hayward v. Young, 2 Chit. 407; Mallon v. May, 11 Mees. and W. 652; Butler v. Burleson, 16 Vt. 176; Bunn v. Guy, 4 East. 190; McClurg's App. 58 Pa. St. 51; Giliman v. Dwight, 13 Gray 356; Hoyt v. Holly, 39 Conn. 326; s. c., 12 Am. Rep. 390; Whittaker v. Howe, 3 Beav. 383; Gasseli v. Lowden, 11 Ohio St. 349; Fairbank v. Leary, 40 Wis. 637; Miller v. Elliott, 1 Ind. 484; Cook v. Johnson, 36 Am. Rep. 64. (5) The contract is perfectly good. The appellant sold his house, some personal property, and medical practice, good will and introduction, and covenanted not to practice in the

town of Chillicothe, and the county of Livingston, state of
Missouri, without the consent of respondent.    Public policy
is not violated, and the overwhelming weight of authority
is in favor of such contracts.    1 Spelling Extraordinary Re-
lief, sec. 488; 2 Beach Mod. Law of Con., sec. 1573, and
cases cited in note, citing Gill v. Ferris, 82 Mo. 156; Beatty
v. Cable, 142 Ind. 329; Mallan v. May, Price v. Green and
Nodenfelt v. Maxim, Nordenfelt Guno Co., 6 English Rul-
ing cases, p. 392 to 455; Smalley v. Greene, 52 Iowa, 241;
s. c., 35 Am. Rep. 267, 268; 2 High on Injunc. [2 Ed.], secs.
1167, 1168, and following sections under the title of con-
tracts on restraint of trade.    Carroll v. Snyder, 26 Atlantic
Rep. 977; Bowser v. Bliss, 43 Am. Dec. 93; McCurry v.
Gibson, 54 Am. St. Rep. 177.    (6)    The contracts of pro-
fessional men, such as physicians, not to practice in competi-
tion with others pursuing the same calling in a particular
place designated, are valid, and injunction may issue to com-
pel a physician to comply with his agreement, not to prac-
tice in a designated place.    Such contracts are not against
public policy.    McCurry v. Gibson, 54 Am. St. Rep. 177;
Cole v. Edwards, 61 N. W. Rep. 940; Timmerman v. Dever,
52 Mich. 34; Greenhood on Public Policy, p. 794.    (7) The
purchase by the respondent of the house and lot, and the per-
sonal property, and the medical practice and good-will, fur-
nishes a sufficient consideration for a contract not to pursue
his calling in Chillicothe, and Livingston county, in competi-
tion with respondent by the appellant, and the adequacy of
the consideration will not be considered by the court.    Mc-
Curry v. Gibson, 54 Am. St. Rep. 177; Linn v. Sigsbee, 67
Ill. 75; Dwight v. Hamilton, 113 Mass. 178; Ensign v. Kel-
logg, 4 Pick. 1.    (8) All of appellant's exceptions to the
rulings of the court in the admission and exclusion of evi-
dence, has been waived, and is not before this court, for the
reason that the objections were not embodied in appellant's
motion for a new trial.    State v. Morton, 42 Mo. App. 64;

State v. Millikan, 24 Mo. App. 462; Mumma v. Standte, 24 Mo. App. 473; Vanstone v. Goodwin, 42 Mo. App. 40; McCord v. Railroad, 21 Mo. App. 92; McCarthy v. McGinnis, 76 Mo. 344; State ex rel. v. Shobe, 23 Mo. App. 474; Fox v. Young, 22 Mo. App. 386; Putnam v. Railroad, 22 Mo. App. 589.

SMITH, P. J.—The plaintiff, a practicing physician, and resident of the state of Virginia, entered into a written contract with the defendant, also a practicing physician, and a resident of the city of Chillicothe and county of Livingston, in this state, by the terms and provisions of which the defendant, for and in consideration of the sum of three thousand dollars, agreed to sell to the plaintiff a certain house and lot in said city, "medical practice, good-will and introduction, large office, electric battery," etc. There was also a covenant in the said contract to the effect that the defendant would "not practice medicine and surgery in the town of Chillicothe and county of Livingston, state of Missouri, without the consent of the" plaintiff. Pursuant to this agreement, the plaintiff paid the defendant the $3,000 and defendant transferred and delivered said real and personal property to plaintiff, and after a few months removed to the state of Illinois.

Seven years after the transaction just referred to was completed, the defendant returned to the said city of Chillicothe and then and there resumed the practice of his profession without the consent of the plaintiff. Thereupon the plaintiff instituted this suit praying the injunctive process of the court to perpetually restrain and enjoin defendant from practicing medicine and surgery in the city and county already named, etc. There was a trial and decree for plaintiff in accordance with the prayer of the petition and defendant appealed.

The defendant urges as a ground of reversal that the petition fails to state a cause of action in that it contains no allegation of insolvency, nor a sufficient allegation of irreparable damage. It has been ruled in this state that where the defendant is solvent and the injury will not work irreparable mischief, injunction will not lie. Sills v. Goodyear, 80 Mo. App. 128; Mining Co. v. Mining Co., 50 Mo. App. 525; Damschroeder v. Thias, 51 Mo. 100; Burgess v. Kattleman, 41 Mo. 481; Weigel v. Walsh, 45 Mo. 560; Railway v. Maddox, 92 Mo. 469.

Our statute (section 5510 Revised Statutes 1889 and section 3649 Revised Statutes 1899) provides that the remedy by writ of injunction shall exist in all cases "where an injury to real or personal property is threatened and to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy can not be afforded by an action for damages." And it has been held that this statute gives the right to maintain injunction whenever an adequate remedy can not be afforded by law, without regard to whether the person threatening the wrong be solvent or insolvent. Turner v. Stewart, 78 Mo. 480; Bank v. Kercheval, 65 Mo. 682; Coal Co. v. St. Louis, 130 Mo. 323; Towne v. Bowers, 81 Mo. 491; Harris v. Township Board, 22 Mo. App. 463; Brewing Co. v. Water Co., 34 Mo. App. 49.

Can it be said that an adequate remedy can be afforded by an action for damages in this case? The defendant for a valuable consideration covenanted with the plaintiff that he would not thereafter practice his profession in the city and county named in the covenant without plaintiff's consent. He has, in violation of his covenant with plaintiff, opened and maintained an office, and has practiced and threatens to continue to practice his profession in the town and county named in his said covenant. Suppose plaintiff could recover damages against defendant for every day the latter

violates the covenant, would such damages be complete and adequate?

The plaintiff was an immigrant from a distant state. He had doubtless invested all of his means, or a large part thereof, in the property acquired by purchase of defendant. He was a "stranger in the city," and no doubt the chief inducement which led him to invest his means in the defendant's property was the acquisition by him of the latter's "practice, good-will and introduction" and covenant not to practice in Livingston county in competition with the former. The defendant had been practicing fourteen years and presumably had acquired an extensive acquaintance and a considerable practice. He had bound himself to commend the plaintiff to the confidence of his patients and acquaintances, and to withdraw from the practice himself. He had, in effect, obligated himself to resign his practice and to recommend the plaintiff to the public as his successor. Under these conditions the plaintiff had the right to assume that by this his professional success would be greatly promoted and made less difficult than it otherwise would be. The defendant by resuming his practice at the "old stand," and withholding from the plaintiff his good-will, commendation, etc., necessarily greatly hindered the latter's success.

The wrongful conduct of the defendant was to continue. For the injury, inconvenience and perplexities which the defendant had subjected and which he threatened to subject the plaintiff to, the latter, under the rules of law, could not be fully compensated. His immediate damages would be difficult to estimate on account of the nature of the matter to which the covenant relates. And certainly it would be impossible in an action at law to obtain the consequential damages that he has sustained or will sustain by reason of the defendant's disregard of his covenant. No single action for damages would afford him redress. He would have to

sue every time the defendant kept his office open or prescribed a remedy or performed a surgical operation for a patient, and as said by Mr. Commissioner Martin in Turner v. Stewart, *ante*: "the burden of carrying on such a multiplicity of lawsuits would make the remedy about as grievous as the injury."

Though the defendant be solvent, the damages arising from the defendant's threatened and continued breach of his covenant are not susceptible of adjustment and compensation.   Under the law of this state we feel satisfied that the plaintiff has disclosed by the allegations of his petition a right in equity to the relief prayed.   In order to invoke the remedy by injunction, it is not necessary under the statute, as has been seen, for a plaintiff to allege and prove that the legal wrong threatened is irreparable.   Bank v. Kercheval, *ante*; Harris v. Township Board, 22 Mo. App. 463; Brewing Co. v. Water Co., 34 Mo. App. 49; Albers v. Merchants' Exchange of St. Louis, 39 Mo. App. 589; Lakenan v Railway, 36 Mo. App. 372.   It is sufficient if he allege that an adequate remedy can not be afforded in an action for damages, and this fact the plaintiff's petition plainly alleges.

The defendant further objects that the covenant in question is void and therefore a court of equity will not interfere by injunction to restrain a threatened breach of it. The question thus raised is whether the covenant is one in restraint of trade, for if so it is void and the relief demanded ought to be denied.   The only element in the covenant that can possibly be construed to be in restraint of trade is that the defendant would not practice medicine and surgery in the city of Chillicothe and county of Livingston in this state without the consent of the plaintiff.   This restriction is not general as to place.   It is only partial and special.   It is only where a contract is made for general restraint in trade that it will be held illegal and void, but it is otherwise if the restraint is partial and reasonable.   Wiggins Ferry Co., v.

Railway, 73 Mo. 389. The rule seems to be well settled almost everywhere that any partial restraint of trade or an agreement not to transact business at specified places, or with particular persons, or beyond a limited distance, or not to practice medicine within reasonable bounds, if there be some legal consideration for the restraint, will not invalidate the agreement. If there is a reasonable limitation only and a consideration capable of supporting the agreement, it will be upheld. Courts will not inquire whether the consideration was adequate or equal in value to that which the party loses by the restraint. The contract must be construed by the court and its reasonable character and the consideration for it determined. Linn v. Sigsbee, 67 Ill. 79, and the cases there cited.

In Dwight v. Hamilton, 113 Mass. 175, the defendant, a physician, sold plaintiff, likewise a physician, his land and buildings and his practice and good-will as a physician in a certain county for a specified sum of money. The court held that after payment of the sum and the delivery of the deed of the land, the practice and good-will of defendant as a physician within the limits of the county named passed to plaintiff. It was further held that the sale of the practice and good-will of a physician within certain limits is the legitimate subject-matter of contract and carries with it the implied covenant as in other sales, that the vendor will not himself do anything to disturb or injure the vendee in the enjoyment of that which he has purchased.

The agreement was not illegal as being in restraint of trade. The defendant gave up his practice in a particular place for a valuable consideration and this did not violate any rule of public policy. In Holbrook v. Waters, 9 How. Pr. 335, it was held that an agreement, upon sufficient consideration, not to practice medicine, nor in any manner to do any business as a physician in the county of Oswego, at any time after the first day of May, 1851, was valid. In

Smalley v. Greene, 52 Iowa, 241, it was held that an agreement not to engage again in the practice of the law in Adel was not void as against public policy. Said the court: "A contract in restraint of trade as to particular places is valid." In Bunn v. Guy, 4 East. 190, a contract was entered into by a practicing attorney to relinquish his business and recommend his clients to two other attorneys, for a valuable consideration, and that he would not practice such business within one hundred and fifty miles of London and it was held valid. In McClurg's Appeal, 58 Pa. St. 51, it was said by Mr. Justice Sharswood: "That contracts restraining the exercise of a trade or profession in particular localities are valid, when there is a fair and reasonable ground for the restriction, as in the case of the sale of the good-will of a trade or business, where the vendor covenants not to pursue the same business within certain limits, is beyond question." The leading case is Mitchell v. Reynols, 1 P. Williams, 181, in which C. J. Parker delivered a long and elaborate opinion. The doctrine has been at rest ever since Lord Kenyon declared in Davis v. Mason, 5 T. R. 118, in which the bond of a surgeon not to practice within ten miles of the place where the obligee lived, was held good; and a similar undertaking by an apothecary not to set up his business within twenty miles, was sustained in Hayward v. Young, 2 Chit. 407.

If the restraint imposed on the defendant by the covenant was greater than the plaintiff's protection required, or was unmeasurable, then, of course, the covenant was invalid. A limited restraint is valid when it is reasonable, and it is reasonable when it imposes no shackle upon the one party which is not beneficial to the other. Ross v. Sadgbeer, 21 Wend. 166. In Horner v. Graves, 7 Bing, 735, it is said, the test to be applied in determining whether the restraint is reasonable or not is whether it is such only as affords a fair protection to the interest of the party in favor of whom

it is given, and not so large as to interfere with the interest of the public. Whatever restraint is larger than the necessary protection of the party can be of no benefit to either. It can only be oppressive; and if oppressive it is, in the eye of the law, unreasonable and void on the ground of public policy as being injurious to the interest of the public. While no precise boundary can be prescribed within which the restraint would be reasonable, and beyond which, excessive, yet, in view of the fact that it is. common knowledge that the practice of physicians of no more than average reputation for skill is oftentimes co-extensive with the territorial limits of the county in which they reside, we are not inclined to think the boundaries fixed by the covenant here are excessive and therefore unreasonable. And for a like reason, we can not think that a negative stipulation, like that here, imposes a restraint respecting boundaries larger than is required for the protection of the plaintiff, or that can be of any benefit to either, or that is injurious to the interests of the public.

It is a social condition, of which we may take notice, that physicians are quite a numerous class of the population of the state, and, as said by Judge Scott in Presbury v. Fisher, 18 Mo. 50: "There is no practical man who would not smile at the conceit that the public welfare would sustain an injury by enforcing an obligation like that involved in the present case." And though we do not think the covenant is invalid if no time is therein specified during which the defendant is not to re-engage in the practice of his profession in the limits of the city and county designated, or, if so, no reason is seen why the law may not interpolate therein a reasonable time for such performance. What would be a reasonable time would probably be held to be the time the plaintiff should be engaged in practice within the boundaries of the designated county. The defendant, for a valuable consideration, received by him, agreed not to practice his profession in a certain city and county, and no

reason is discovered by us why he should not perform his agreement. It is true, the adjudicated cases, many of which are cited in the briefs of counsel, are numerous, conflicting and confusing, but it seems to us, after all, that the covenant in this case ought not to be held subject to the faults that the defendant has imputed to it, but on the contrary, should be upheld as a binding obligation whose violation a court of equity may restrain by its injunctive process.

The defendant lastly objects that improper evidence was admitted by the court, over his objections, but as it is not disclosed by the bill of exceptions that the court's attention was called, in the motion for a new trial, to any ruling made by it in respect to the admission of evidence, we are not authorized to review the rulings of the court complained of.

It results that the decree must be affirmed. *Ellison, J.*, concurs; *Gill, J.*, not sitting.