### H. T. WOLFF v. LOUIS HIRSCHFELD.

Decided May 23, 1900.

**1. Contract—Public Policy—Sale of Good Will.**

Where a physician sells his residence and with it his good will, agreeing that he will not practice medicine for ten years thereafter within a radius of ten miles of the town where the residence is situated, such agreement is not void at common law as being against public policy.

**2. Same—Combination in Restraint of Trade.**

Nor is such sale of the good will a combination in restraint of trade falling within the inhibition of the statute. Rev. Stats., art. 5313.

APPEAL from Guadalupe. Tried below before Hon. M. KENNON.

*James Greenwood,* for appellant.

*Dibrell & Mosheim,* for appellee.

JAMES, CHIEF JUSTICE.—The petition averred, substantially, that on December 5, 1898, defendant was a practicing physician in the town of Marion, Guadalupe County, where he owned a homestead; that on said date appellee, also a practicing physician in Guadalupe County, came to Marion seeking a location for the practice of his profession, and that plaintiff agreed to purchase defendant's said property for $3000, provided the latter would sell his good will as a practicing physician and surgeon within a radius of ten miles of Marion for ten years. That such agreement was consummated on said date by a deed of conveyance from defendant and his wife to plaintiff of the property, it containing the following provision: "Also I, H. T. Wolff, do agree that I will not locate in the town of Marion, or within a radius of ten miles of said town of Marion, to practice medicine for the space of ten years from date hereof, intending hereby to convey my good will as well as my property." The petition alleged that, independent of the said good will, the property was not worth the price of $3000, but less than $2000. Also, that defendant had been and was violating the said agreement by establishing a regular office at Marion, and engaging there in the practice of medicine and surgery, and prayed for damages and injunction.

The case was tried by the court, who gave judgment for plaintiff for $10 damages, and awarded the injunction as prayed for, viz., that defendant be restrained from locating or establishing an office in the town of Marion, or within a radius of ten miles thereof, to practice medicine and surgery within said town or a radius of ten miles thereof, unless he be sent for outside of such radius, or from a point outside of such radius, and from interfering with plaintiff's practice of medicine by establishing or locating an office for the purpose of practicing medicine and receiving calls from patients within a radius of ten miles from Marion, until the expiration of ten years from December 5, 1898.

There is no statement of facts in the record, and the assignments of error present for review the court's action on demurrers to the petition.

The second assignment is that the second special exception called the court's attention to the facts that the agreement set forth in the plaintiff's petition is against public policy and void because the restriction placed upon defendant Wolff is for ten years, and is for an unreasonable length of time, and deprives the citizens and the public at Marion of the medical services of appellant, and seeks to force the people of Marion to accept the medical services of appellee, whether they wish to do so or not.

This has no reference to the effect upon the agreement of our statute relating to combinations in restraint of trade, but presents simply the question of the validity of the contract at common law.

The effect of the contract was to restrain defendant from locating for

the practice of his profession at Marion or within ten miles therefrom, for ten years. The restriction was limited as to area, and as to time, and it did not, as to said area, totally exclude defendant from the practice. We think it is clear from the authorities that the agreement was not void at common law. Beach on Monopolies, sec. 18, et seq.

Under the first assignment the proposition is: "Any contract or agreement entered into by two or more parties, or any combination of acts on the part of two or more persons, entered into, that prevents any one connected therewith from the full and free pursuit of any business authorized or permitted by the laws of this State is illegal and void, and can not be enforced in law or equity." This raises the question of the effect of our statute upon the contract in question.

In the case of Gates v. Hooper we entertained upon the subject the views of appellant's counsel, but they were not approved by the Supreme Court. Gates v. Hooper, 90 Texas, 563. It was there declared that a transaction of this character was valid, for the reason that it was not a combination of persons, and that it was the sale of "good will," which was a subject of purchase and sale, that is to say, property. See, also, Beach on Monopolies, sec. 18.

There is some difference between this and the case of Gates v. Hooper, as pointed out by appellant, in that the sale there was of a stock of goods and the good will of the mercantile business connected therewith. Here the sale was of defendant's home, together with his good will as a practicing physician within certain limits, the property not necessarily having connection with the practice sold. But as both, or either, of these were valid subjects of sale, we do not regard that there is any substantial difference in the cases. If, as the authorities hold, the practice of a physician is a thing of value, and as such is a proper subject for a contract of sale, a sale thereof with such contract restrictions as are reasonably necessary to make the sale effectual, would not, under the ruling in Gates v. Hooper, fall within the prohibition of our statute.

The judgment is affirmed.

*Affirmed.*