TANDY L. GLOVER, Appellant, v. GEORGE H. SHIRLEY, JR., Respondent.

Kansas City Court of Appeals, April 7, 1913.

1. PUBLIC POLICY: Physician: Contract: Injunction. A valid contract may be made whereby a physician may agree not to practice his profession within ten miles of a certain town for a period of ten years; and injunction will lie to prevent a violation of the agreement.

2. ———: ———: ———: Consideration: Partnership: Mutuality. Mutual promises in a contract are considerations for each other and a contract of partnership properly supports a stipulation that on dissolution one of the partners will not practice in a certain place for ten years.

Appeal from Cole Circuit Court.—*Hon. John M. Williams,* Judge.

REVERSED AND REMANDED *(with instructions).*

*Pope & Lohman* for appellant.

*Irwin & Peters* for respondent.

ELLISON, J.—Plaintiff and defendant are physicians in the town of Eugene, Cole county, Missouri, and plaintiff brought this action to enjoin and restrain defendant from the practice of medicine anywhere within a radius of ten miles of Eugene. The trial court rendered judgment for the defendant.

It appears that the plaintiff was an established physician in Eugene and that he desired the assistance of a younger man. After some preliminary talk at different times, they entered into the following written contract:

"This agreement, in duplicate, made and entered into, by and between Doctor, Tandy L. Glover and Doctor Geo. H. Shirley, Jr., both of Eugene, Cole county, Missouri, witnesseth:

That the said parties have entered into a copartnership for the general practice of medicine and surgery at Eugene, Cole county, Missouri, and surrounding territory, said copartnership to continue so long as mutually satisfactory and agreeable to both parties thereto, and to be terminable at the will of either party. Said parties shall share equally the expenses incurred by and the profits derived from the copartnership. In the event that the copartnership shall, for any reason, be dissolved, the said George H. Shirley, Jr., party hereto, hereby agrees not to practice medicine or surgery, for a period of ten years, either by himself or as a member of a copartnership, in said Eugene, Cole county, Missouri, or within a radius of ten miles from said point.

This copartnership to be effective from and after June 26, 1911.

In witness whereof the said parties have hereunto set their hands this 14th day of September, 1911."

At the expiration of several months this contract was dissolved and their partnership accounts settled between them. Defendant then located himself in Eugene and began the practice of medicine, and plaintiff, as we have already said, seeks to restrain him. The law justifies such action: Gordon v. Mansfield, 84 Mo. App. 367,—a case involving the right of a physician to practice.

"That contracts restraining the exercise of a trade or profession in particular localities are valid,

when there is fair and reasonable ground for the restriction, as in the case of the sale of the good will of a trade or business, where the vendor covenants not to pursue the same business within certain limits, is beyond question.'' [McClurg's Appeal, 58 Pa. St. 51.] In Gordon v. Mansfield, supra, SMITH, P. J., speaking for this court, made the observation that: ''The doctrine had been at rest ever since Lord KENYON declared in Davis v. Mason, 5 T. R. 118, in which the bond of a surgeon not to practice within ten miles of the place where the obligee lived, was held good.'' And he further quoted Judge SCOTT's remark in Presbury v. Fisher, 18 Mo. 50, that: ''There is no practical man who would not smile at the conceit that the public welfare would sustain an injury by enforcing an obligation,'' which would prevent one from exercising a certain business in certain limits for a limited period.

There is much in the evidence without any proper application to the issues, considered with the admissions made by defendant. The defenses stated by defendant are three: 1st, fraud on part of plaintiff in procuring the contract, 2nd, waiver and estoppel, 3rd, want of consideration.

A careful reading of the evidence as preserved fails to show the slightest fraud in procuring the contract. Proposals were talked over between the parties, and defendant testified that he drew up a memorandum of the contract as he thought it ought to be, in which was a provision ''that if I (defendant) should dissolve the partnership without sufficient reason, that I should not practice in Eugene.'' But he admits plaintiff refused to sign it and that afterwards they went to Jefferson City where they procured an attorney to write the contract above set out and that they executed it. He read it, knew its contents and signed it in duplicate, each party taking a copy.

Neither was there a lack of consideration. In view of the parts of defendant's argument it may be well to say that inadequacy of consideration is not the same as no consideration. [Marks v. Bank, 8 Mo. 316.] The mutual obligations of a contract stand as a consideration for each other. It is proper to assume that plaintiff would not have entered into the contract at all without incorporating the agreement not to practice in Eugene. [1 Beach on Modern Law of Contracts, sec. 178; Steele v. Johnson, 96 Mo. App. 147; Chenoweth v. Express Co., 93 Mo. App. 185; German v. Gilbert, 83 Mo. App. 411.]

The evidence relied upon to support the theory of a waiver, or estoppel, is far too weak. It consisted principally of plaintiff knowing that defendant was continuing the practice in Eugene and did not go to him and object. The partnership agreement had been under consideration from the 26th of June, 1911, till September, when it was finally agreed upon and signed, being dated as of the 26th of June. It continued until about the first of February, 1912, when the dissolution took place. It was, however, some considerable time after that before the accounts were settled by plaintiff finally purchasing them. This action was begun on the 3rd of May following. It does not appear to us that the mere failure to seek out defendant and tell him he ought not to do what he agreed he would not do, is sufficient to nullify the contract. Defendant's father testified that plaintiff told him he had no objection to defendant practicing in Eugene, and that he told defendant. On the other hand the defendant himself recognized his obligation, for he referred to it during the settlement at the dissolution and at the time he went to Olean and endeavored to obtain a foothold there by buying out a physician there located. A consideration of all the evidence on this head shows there was no agreement dispensing with the contract and it is far too unsubstantial to deprive plaintiff of

its benefits by the indirect method of estoppel. There was "no such wilful misleading of one party by the other to his detriment," as spoken of in Foard v. McAnnelly, 215 Mo. 371, 391, cited by defendant.

We have not found the evidence satisfactory to sustain substantial damages. There has been no proper statement of any specific damage and no point is made thereon in the briefs. We will therefore reverse the judgment and remand the cause with instructions to the circuit court to enter a decree for the plaintiff restraining defendant as prayed in the petition, and for nominal damages. All concur.