### RANDOLPH v. GRAHAM. (No. 7082.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 31, 1923. Rehearing Denied Nov. 28, 1923.)

**1. Contracts ☞117(5)—Physician's agreement not to practice held not in restraint of trade.**

Physician's agreement with purchaser of his practice not to practice medicine in the same town, or within a radius of 20 miles, *held* not in restraint of trade.

**2. Good will ☞5—Physician may sell good will.**

A physician may sell his good will; the good will being a property right, and a sale thereof not being against public policy.

**3. Contracts ☞117(8)—Physician's agreement not to practice held not against public policy.**

Physician's agreement, with purchaser of his practice, not to practice in the same town or within a radius of 20 miles, *held* not void as against contention that the failure to limit the time made the contract one against public policy.

**4. Contracts ☞117(2)—Agreement not to engage in professional work valid, if reasonable.**

Contracts not to engage in professional work in a certain territory are valid, if not unreasonable as to time or space.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Suit by R. L. Graham against V. P. Randolph. Judgment for plaintiff, and defendant appeals. Affirmed.

Wurzbach, Wirtz & Weinert, of Seguin, for appellant.

Dibrell & Mosheim, of Seguin, for appellee.

COBBS, J. This suit was brought by appellee, a physician, against appellant, a physician, to restrain the latter from practicing medicine in the town of Schertz, in Guadalupe county, or within a radius of 20 miles of Schertz, and the temporary restraining order was granted as prayed for. Appellee purchased the property of appellant in Schertz and took conveyances therefor.

Prior to the delivery of the deeds and payment of the purchase money, the following agreement was entered into:

"The State of Texas, County of Guadalupe.

"This contract made and entered into by and between V. P. Randolph, party of the first part, and R. L. Graham, party of the second part, witnesseth:

"That party of the first part, having sold his property in Schertz, Texas, and his good will for a valuable consideration to party of the second part, agrees not to practice medicine in Schertz or within a radius of twenty (20) miles of Schertz.

"This contract is executed in duplicate, and one copy delivered to each of said parties, this 9th day of December, A. D. 1922: [Signed] V. P. Randolph, Party of the First Part. [Signed] R. L. Graham, Party of the Second Part."

Prior to this sale and agreement appellant had resided and had his home in Schertz, where he was then engaged in the practice of medicine. The contention of appellee is that, as a part of the consideration of the trade, he was not only purchasing appellant's tangible property but was likewise purchasing his good will. After this sale the appellant moved and remained away, but he recently returned and began the practice of medicine in Cibolo in Guadalupe county, within the prohibited distance.

We must assume the court found that the making of the alleged contract not to practice the profession of medicine by appellant within the prohibited distance was a part of the consideration of the entire contract whereby appellee was induced to make the purchase. Appellee testified:

"My purpose in agreeing on the 20-mile limit was simply to have an agreement with Dr. Randolph so he would not interfere with my practice. I thought it was necessary. This was a large debt that I had assumed, and I understood, too, that this contract with Dr. Cotham had the 20 miles limit also. I had a big undertaking then. Twenty miles is not an extraordinary distance for a physician to go to attend patients. We have good roads there, and automobiles travel very rapidly. Twenty miles is not much of a distance to go. I do not know whether Seguin is beyond the 20 miles or not. It is right about the limit. I expect the west line of the town of Seguin is over 20 miles of Schertz, and I expect the west line of San Antonio is more than 20 miles. * * * I thought it was necessary to protect myself to enable me to pay for the property that he would not interfere with my practice in a 20-mile radius."

Such a contract is not to be regarded as unreasonable, when fairly and openly made, nor in restraint of trade. The good will of a professional man may be as much an asset and a thing to be sold as that of a merchant. Sanderfur v. Beard (Tex. Civ. App.) 249 S. W. 275, 276; Wolff v. Hirschfeld, 23 Tex. Civ. App. 670, 57 S. W. 572.

[1] Whatever the strict rule of the common law may have been in condemning contracts in restraint of trade, such doctrine is much modified in America, and is not ordinarily made to apply to the contracts of professional men, skilled artisans, or purchasers of good and merchandise, and the good will appertaining thereto, and binding the seller not to engage in the same business for a certain time limit and within a specified radius.

It is not apparent why it is unlawful for a physician, if he can get any one to purchase his property and his good will, to do

so, just as a merchant may do the same thing, and bind the seller not to further engage in the same business within a certain distance or radius.

[2] We see no reason whatever to broadly hold such a contract void. It is a property right, personal in its nature, and should be left to the liberty and freedom of contract. There is no such public policy involved in it as would require the physician to keep his good will for his own interest or restrain him from abandoning his practice and selling out his estate and good will together. Such a sale is contractual and thereby lawful. That such a sale is valid and enforceable we need look no further than to the case of Wolff v. Hirschfeld, 23 Tex. Civ. App. 670, 57 S. W. 572, decided by this court.

The similarity between the two cases is to be noted in more than one particular. They are both from the same county, but differ as to time, if that makes any noticeable difference. In the Wolff Case, supra, the time limit was fixed for 20 years, whereas in this case the time limit was not fixed for any definite period, but bound appellant "not to practice medicine in Schertz or within a radius of 20 miles of Schertz."

Under the authorities cited by both parties we find no difficulty in agreeing with the trial court that a distance of the 20-mile radius is not unreasonable or greater than was necessary to protect appellee if he needed such protection, in the pursuit of his business or profession; and we overrule appellant's contention on that point.

It does occur to us to say that, in so far as the public is concerned, it will not be hurt by such an agreement, nor likely to be, since every other physician or surgeon of equal competency is at liberty to practice the same profession within the same limited territory. Glover v. Shirley, 169 Mo. App. 637, 155 S. W. 878.

[3] An important question here for us to decide is on the validity of the contract, raised by appellant, to the effect that, because the agreement being without time limit, appellant contracted and bound himself never again to practice his profession within that territory, which rendered the contract a nullity as against public policy.

No authority is cited to sustain the contention that such an agreement never to practice his profession again in any given territory, or at all, is wholly void. Many authorities are cited, and much argument has been made on the time limit question, but none are cited by appellant to show the invalidity of the contract entered into never to practice his profession again, for that is the legal effect of the contract in question as applied to the named territory, and without the expression of any time. Appellant, whose duty it is to produce such authority,

concedes the precise question has never been decided in this state, or at least that they have been held valid. But among the many authorities cited and most relied on by him on the point is Rakestraw v. Lanier, 104 Ga. 188, 30 S. E. 735, 69 Am. St. Rep. 154.

We could elaborate, amplify, and extend this opinion very greatly and unprofitably by discussing what constitutes restraints in trade at common law, and, as construed by our courts, state and federal, but we prefer to plainly decide, as we usually do, the real question involved, which prevents a misinterpretation or misunderstanding of the precise question disposed of.

If one has the right to make a contract binding himself not to practice his profession for a great number of years, in a large or limited area, why not be allowed to make the same contract permanent, or at least during the life of the purchaser? What interest has the public in a professional man, that would deny to him such liberty of contract? In the case of Glover v. Shirley, 169 Mo. App. 637, 155 S. W. 878, discussing the validity of such contracts, among other things, it was said:

" 'The doctrine had been at rest ever since Lord Kenyon declared in Davis v. Mason, 5 T. R. 118, in which the bond of a surgeon not to practice medicine within 10 miles of the place where the obligee lived was held good.' And he further quoted Judge Scott's remark in Presbury v. Fisher, 18 Mo. 50, that: 'There is no practical man who would not smile at the conceit that the public welfare would sustain an injury by enforcing an obligation, which would prevent one from exercising a certain business in certain limits for a limited period.' "

The precise question seems settled in Webster v. Williams, 62 Ark. 101, 34 S. W. 537; sustaining the validity of such contracts.

[4] We deduce from the authorities that contracts of the class under discussion, designated as contracts in restraint of trade, are void when unlimited both as to time and space. They are valid if not unreasonable as to time or space. Here the space is limited, but the time is not.

The consideration of the contract was settled by the trial court, and there is ample evidence to support the finding.

We do not think this a case where the balance of convenience should enter in determining the rights of the parties in respect to the restraining order.

In conclusion we wish to observe there is no pleading by appellant attacking the agreement upon the ground of fraud or mutual mistake. It is a written contract, separately entered in, and it were better, as a matter of practice, to reduce all such contracts to writing, separately, and not to burden title papers therewith, in which subsequent purchasers would have no concern. However, it is clear from the testimony sup-

porting the court's findings that such agreement was a part of the consideration of the trade, and merged in the latter contract. Walker v. Brosius (Tex. Civ. App.) 90 S. W. 655.

This case has been well presented by the attorneys, pro and con, and the question is an interesting one, but, after a full consideration thereof, we have concluded to overrule all the assignments and propositions of appellant, and affirm the judgment of the trial court.

Judgment is affirmed.