### LATHAM v. BUTLER.  (No. 9265.)

Court of Civil Appeals of Texas. Galveston.
May 9, 1929.

Rehearing Denied May 23, 1929.

Madden & Denny, and Nunn & Nunn, all of Crockett, for appellant.

Earle P. Adams, of Crockett, and Morris, Sewell & Morris, of Houston, for appellee.

PLEASANTS, C. J. This is a suit for injunction brought by appellee against the appellant to restrain him from the practice of his profession of doctor of medicine in Houston county.

Appellee's suit is based upon a contract executed by the parties on February 8, 1927, by the terms of which appellant sold and transferred to appellee his interest in a hospital and its equipment in the city of Crockett theretofore jointly owned and operated by them, and agreed not to practice his profession of doctor of medicine in Houston county from and after February 1, 1928. In consideration of this transfer and agreement, the appellee agreed to employ appellant for one year as his assistant in operating the hospital and to pay him a salary of $5,000, payable in monthly installments of $200 until February 1, 1928, at which time the balance of the $5,000 should become due and payable.

As a further consideration for the transfer and agreement of appellant, appellee assumed and agreed to pay all of appellant's one-half of the indebtedness due by the former partnership incurred by them in the construction and operation of the hospital, which sum was approximately $19,000.

Plaintiff's petition, after setting out the contract, alleges the compliance by him with all of his agreements and obligations under the contract, and the tender by him a short time after February 1, 1928, of a balance of $2,600 salary due defendant, but that the defendant in disregard and violation of his contract agreements and obligations did, on the termination of his year's employment by the plaintiff, begin the active practice of medicine in Houston county, and was continuing to so practice in violation of his contract; that appellant's agreement not to practice medicine in Houston county was the principal consideration moving plaintiff to execute the contract and assume and discharge the obligations thereby incurred by him; that appellant is insolvent, and plaintiff would be unable to collect any judgment for damages he might obtain against appellant; and that plaintiff in order to obtain judgment for the losses sustained by him by reason of appellant's violation of his contract obligations would be forced to institute a multiplicity of suits at great cost and inconvenience. The prayer of the petition is for a temporary and permanent injunction restraining the defendant from practicing medicine in Houston county.

The defendant answered by general and special exceptions to the petition, and general denial, and by special pleas, which are thus stated in substance in appellant's brief: "That the parties plaintiff and defendant made the contract as copied in plaintiff's petition and served as partners as alleged therein; that said Hospital was purchased as set out in said contract; that plaintiff did agree to assume the said indebtedness of $19,000.00, and did agree to pay defendant a salary of $5,000.00 for his services between Feb'y 8, 1927, and Feb'y 1, 1928, or execute a note with satisfactory security for any balance unpaid by Feb'y 1, 1928, the same amounting to $2,600.00, which was never done; that it is not true that plaintiff had paid defendant all the compensation due him under said contract, but still owes him about $2,600.00; that the real consideration for said contract was the payment to defendant the salary expressed therein, aggregating $5,000.00; that it is not true that plaintiff had ever complied with his obligations as set out in said contract; that the suit was brought on the assumption and the allegation that the plaintiff has so fully complied with his contract as to be entitled to an injunction, but which was not a fact, as shown by the pleadings of the plaintiff himself; that by the unlawful acts and conduct of plaintiff the defendant was damaged in the sum of $3,000.00 as actual damages and $5,000.00 as exemplary damages, all of which damages were for unlawfully suing out said injunction and the oppressive use of it; that because of the failure of defendant to comply with said contract as alleged in said answer, plaintiff rendered himself wholly not entitled to said injunction and forfeited the same and left defendant without any legal obligation to comply with the same; that plaintiff has resided in Houston County for 30 years and built up a large and lucrative practice, and established the said Hospital, and it would be unjust to deprive him of the fruits thereof; that said contract is null and void in that it is in restraint of trade and tends to create a monoply; that said contract is also void because it is unlimited as to the matter of time it is to exist, and goes further than is necessary to protect plaintiff, and becomes oppressive and unreasonable and injurious to the public interest and is void on grounds of public policy; and defendant prays according to the facts as alleged in his said answer, that said injunction be not made permanent and that he have judgment for his said $2,600.00, for his damages, and for all costs and general and special relief, etc."

The trial in the court below with a jury resulted in an instructed verdict in favor of plaintiff for the writ of injunction asked in his petition, and in favor of defendant for the sum of $2,600 with 6 per cent. interest from February 1, 1928. Upon return of such verdict judgment was accordingly rendered.

There is no conflict in the evidence upon any material issue in the case.

The execution of the contract mentioned in the pleadings was admitted by the defendant. The only defensive contentions presented by appellant against his obligations under the contract are:

First, that the contract being clear and unambiguous, parol evidence was inadmissible to vary or change any of its terms;

Second, that the contract is in restraint of trade, tends to create a monopoly, is unreasonable, oppressive, and unenforceable; and

Third, that by the terms of the contract appellee was required to pay appellant the $2,600 balance of his yearly salary on February 1, 1928, and having failed to make the payment on that date, is not entitled to maintain this suit.

The evidence upon which each of these contentions is based is undisputed.

Appellant's agreement not to practice his profession in Houston county after February 1, 1928, is thus stated in the contract: "Said W. W. Latham hereby agrees and obligates himself to move permanently from Houston County not later than February 1, 1928, and

to no longer practice medicine in or near the City of Crockett after that date. * * *"

In explanation of this wording of the contract plaintiff alleged: "The plaintiff represents to the court that the true contract and agreement as made between plaintiff and defendant was and is that defendant from after February 1, 1928, would not practice medicine in Houston County, Texas, unless he might practice there under other terms of said contract not necessary to mention here; that in drafting said contract, the terms were stated by both plaintiff and defendant to an attorney so that he might draft it accordingly. That said attorney in drafting the contract so stated same as to require the said Latham to move permanently from Houston County not later than February 1, 1928."

The appellee testified, in substance, that it was agreed and understood between him and appellant, as a consideration for his purchase of appellant's interest in the hospital and his employment of appellant for one year at a salary of $5,000, that appellant would not practice medicine in Houston county after the 1st day of February, 1928; that they went to an attorney selected by them to write the contract and so stated their agreement to him; that after the contract was written they read it over, and their attorney assured them that by the terms of the written contract appellant could not practice medicine in Houston county after February 1, 1928; and that appellant and appellee and their attorney all so understood and construed the written contract.

Appellant testified on the trial and made no denial of any of the above testimony of appellee.

■ We are inclined to agree with appellee that, when the contract is considered as a whole and in connection with all the facts and circumstances leading up to and attending its execution, and the apparent general purpose of the parties in its execution, the provision before quoted should be construed as an agreement by appellant not to practice medicine in Houston county after February 1, 1928. If this is not its proper construction, the undisputed evidence shows that this was the agreement of the parties, and the omission or imperfect expression of such agreement in the contract was due to a mutual mistake of the parties and the attorney employed by them to draft the instrument.

It is hardly necessary to cite authorities to sustain the proposition that upon proper pleading and proof a written instrument can be corrected and made to conform to the intention of the parties.

In the case of Gammage v. Moore, 42 Tex. 170, our Supreme Court, speaking by the great Chief Justice Roberts, say: "It is a common doctrine in equity, that where there is a mistake made in drawing an instrument embodying a contract, such mistake may be alleged, and if satisfactorily established by evidence, the instrument may be reformed to correspond with the real contract, and a decree may be rendered thereon accordingly."

This rule was not new to the courts of this state when announced by Judge Roberts in the language above quoted, and has been since reiterated in opinions of our Supreme and appellate courts too numerous to cite.

■ We cannot agree with appellant in the contention that his agreement, based upon sufficient consideration, not to practice medicine in Houston county after February 1, 1928, was in restraint of trade, violative of our Anti-Trust Law (Rev. St. 1925, arts. 7426–7439), contrary to public policy, and unreasonable and oppressive, or that it is unenforceable upon any of the grounds stated.

In the case of Randolph v. Graham, 254 S. W. 402, in which writ of error was denied by the Supreme Court, the Court of Civil Appeals for the Fourth District considered and decided the exact question here presented. The following quotation from the opinion in that case, which was a suit to enforce by injunction a contract not to practice medicine in a prescribed territory, shows the nature of the question presented and decided:

"It is not apparent why it is unlawful for a physician, if he can get anyone to purchase his property and his good will, to do so, just as a merchant may do the same thing, and bind the seller not to further engage in the same business within a certain distance or radius.

"We see no reason whatever to broadly hold such a contract void. It is a property right, personal in its nature, and should be left to the liberty and freedom of contract. There is no such public policy involved in it as would require the physician to keep his good will for his own interest or restrain him from abandoning his practice and selling out his estate and good will together. Such a sale is contractual and thereby lawful. That such a sale is valid and enforceable we need look no further than to the case of Wolff v. Hirschfeld, 23 Tex. Civ. App. 670, 57 S. W. 572. * * *

"* * * We find no difficulty in agreeing with the trial court that a distance of the twenty-mile radius is not unreasonable or greater than was necessary to protect appellee if he needed such protection, in the pursuit of his business or profession. * * *

"It does not occur to us to say that, in so far as the public is concerned, it will not be hurt by such an agreement, nor likely to be, since every other physician or surgeon of equal competency is at liberty to practice the same profession within the same limited territory. Glover v. Shirley, 169 Mo. App. 637, 155 S. W. 878. * * *

"No authority is cited to sustain the con-

tention that such an agreement [on the part of a physician] never to practice his profession again in any given territory, or at all, is wholly void. Many authorities are cited, and much argument has been made on the time limit question, but none are cited by appellant to show the invalidity of the contract entered into never to practice his profession again, for that is the legal effect of the contract in question as applied to the named territory, and without the expression of any time. * * *

"If one has the right to make a contract binding himself not to practice his profession for a great number of years, in a large or limited area, why not be allowed to make the same contract permanent, or at least during the life of the purchaser? What interest has the public in a professional man, that would" deprive him of any "such liberty of contract?"

The same principle and rule is applied in French v. Parker, 16 R. I. 219, 14 A. 870, 27 Am. St. Rep. 733; Butler v. Burleson, 16 Vt. 176; Patterson v. Crabb (Tex. Civ. App.) 51 S. W. 870.

In the matter of the payment to appellant of the $2,600 balance of his salary which became due on February 1, 1928, the contract provides: "That in the event the said C. W. Butler should not be in a financial condition to pay either the monthly sums of Two Hundred ($200.00) Dollars, or the remainder of the Five Thousand ($5,000.00) Dollars on February 1, 1928, that the time of the payment of said monthly sums of Two Hundred ($200.00) Dollars, and the payment of the remainder of said Five Thousand ($5,000.00) Dollars shall be extended a reasonable length of time by the said W. W. Latham, and the remainder of said sum of Five Thousand ($5,-000.00) Dollars which may be still unpaid on February 1, 1928, shall be evidenced by the note of the said C. W. Butler, Jr., with satisfactory security, payable to the said W. W. Latham."

Immediately upon the expiration of the term of his employment by appellee, appellant began the practice of medicine in Houston county and continued to so violate his contract until restrained by a temporary order of the court made on appellee's petition which was filed on February 7, 1928. At the time the petition was filed the $2,600 salary balance due appellant was unpaid and no offer to pay that amount or to give a note therefor had been made by appellee, and no demand by appellant. Appellee tendered the $2,600 to appellant on February 25, 1928, and it was refused. The amount due was tendered into court before the trial began and judgment therefor with interest was rendered for appellant.

█ The contract before set out expressly provides for a reasonable extension of the time of payment of the $2,600, and there is nothing in the evidence to authorize the conclusions that 25 days was an unreasonable extention of the time of payment of this balance.

██ In addition to this, we agree with appellee that the time of this payment was not of the essence of the contract. The payment of the balance of this salary was not the whole or the most material part of the consideration for appellant's promise, and a breach of appellee's agreement to make the payment on February 1, 1928, could not relieve appellant from his contract obligation. The principle which we think is controlling here is thus stated in 16 R. C. L. § 312, p. 928: "In accordance with the rule that the breach of an independent covenant which does not go to the whole consideration of the contract, and is subordinate and incidental to its main purpose, does not entitle the injured party to rescind. The courts agree in holding that, where time is not expressly or by implication the essence of the contract, the failure or inability to perform within the time designated gives the other no right to rescind or abandon the contract, since such a breach does not defeat the object of the parties. Where performance on a precise date is not vital and may be compensated in damages, mere delay, in the absence of fraud or the like, will not justify the other party in abandoning the contract. And, for the same reason, where it is made plain in advance that one party will not be able to perform upon the precise date stipulated (time not being made essential) the other party may not repudiate his obligation in advance."

█ As before stated, all of the material facts in the case are shown by undisputed evidence. In this state of the evidence there was no issue of fact for the jury to determine, and the court was authorized to instruct them what verdict they should return.

We have considered all of appellant's assignments and propositions, and none of them can, in our opinion, be sustained. We think the judgment should be affirmed, and it has been so ordered.

Affirmed.